**SO ORDERED.**

**DONE and SIGNED November 4, 2022.**



_____
**JOHN S. HODGE
UNITED STATES BANKRUPTCY JUDGE**

---

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case Number: 21-10421 |
| | § | |
| Lucien Harry Marioneaux, Jr. | § | Chapter 11 |
| Debtor | § | |
| | § | |

## Memorandum Ruling

Before the court is a motion to stay an order pending appeal. For the reasons that follow, the court denies the request for issuance of a stay.

### Background

The salient facts are summarized below:

1. On June 4, 2021, certain creditors commenced this proceeding against Lucien Harry Marioneaux, Jr. ("**Debtor**") by filing an involuntary petition in this court requesting relief under chapter 7 of the Bankruptcy Code. Debtor initially challenged the involuntary petition and the venue of this case.

2. On August 31, 2021, an agreed order for relief was entered under chapter 7. Thereafter, the case was converted to one under chapter 11. Upon conversion, Debtor remained in possession of all property of the estate and was vested with the rights, powers, and duties of a debtor in possession as set forth in 11 U.S.C. § 1107.

3. On January 26, 2022, this court appointed a chapter 11 trustee. As a result, Debtor ceased to have the powers of a debtor in possession.

4. Debtor's aunt, Mary Sue Marioneaux, holds a state court judgment exceeding $8 million against Debtor, his father's Succession and others for breaches of trust, mismanagement of funds, failure to account and fraud. The judgment is currently on appeal in a Louisiana appellate court.

5. Debtor's aunt appears in this case in her individual capacity as a judgment creditor, as co-trustee of her trust (which is also a judgment creditor) and as provisional administrator of Debtor's father's succession.

6. Debtor's aunt reached a settlement with the bankruptcy trustee to resolve all her claims. Among other things, the compromise would dismiss the appeal pending in the Louisiana appellate court. It would also transfer money and property to the bankruptcy estate which could be used to satisfy allowed claims held by non-settling parties, and provide for the allowance of the full amount of the proof of claim filed by the judgment creditors.

7. This court entered a memorandum ruling (Doc. 418) and order (Doc. 419) approving the compromise between the chapter 11 trustee and Debtor's aunt.

A description of the state court litigation and a summary of the terms of the compromise are set forth in this court's prior memorandum ruling. As such, they will not be repeated here.

8. Debtor timely filed a notice of appeal (Doc. 427) of the order approving the compromise. Thereafter, Debtor filed a motion to stay the order pending his appeal. Doc. 433.

9. More than 14 days following the entry of the order approving the compromise, the settling parties substantially consummated their compromise by:

   a. Executing a compromise agreement;

   b. Transferring $500,000.00 to the trustee (which was wired prior to Debtor's filing the motion for stay);

   c. Assigning certain membership interests in LHM Holdings, LLC to the trustee; and

   d. Filing a joint motion to dismiss the appeal pending in the Louisiana First Circuit (Exhibit 1 to ECF 440).

10. This court held an evidentiary hearing on Debtor's motion requesting a stay pending appeal.

## Conclusions of Law and Analysis

A. **Jurisdiction, venue and core status**

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and by virtue of the reference by the district court pursuant to 28 U.S.C. § 157(a) and LR 83.4.1. Venue is proper in this district. 28 U.S.C. §§ 1408 and 1409(a).

This matter constitutes a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

### B. <u>Debtor Failed to Establish the Appropriateness of Stay Pending Appeal</u>

Ordinarily, a party seeking a stay of a bankruptcy court judgment or order must move in the bankruptcy court for relief before seeking such relief in the district court. Fed. R. Bankr. P. 8007(a)(1)(A).

A trial court's decision to grant or deny a stay pending appeal rests in the discretion of the court. *In re First South Sav. Ass'n*, 820 F.2d 700, 709 (5th Cir.1987). In making that decision, the court must consider four factors enumerated by the Fifth Circuit: (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest. *Id*. (citations omitted). The Fifth Circuit does not require a moving party to satisfy all four prongs of the test. *Id*. at 709 n. 10.; *See also In re Mounce*, No. 03–55022, 2008 WL 2714423 at *2 (Bankr. W.D. Tex. July 10, 2008). The party seeking the stay bears the burden of proof by a preponderance of the evidence. *Collier v. Hodge*, No. 15-CV-2119, 2015 WL 5016485, at *1 (W.D. La. Aug. 21, 2015).

The court will address each factor.

### *i. Debtor has not proven a substantial likelihood of success on his appeal.*

Debtor must establish a substantial likelihood of success on the merits of his appeal. If the appeal involves a serious legal question and the balance of equities

weighs heavily in favor of granting the stay, Debtor may establish this factor by presenting a substantial case on the merits. *Ruiz v. Estelle,* 650 F.2d 555, 565 (5th Cir. 1981).

Debtor largely reasserts the arguments advanced in his original opposition to the trustee's motion to compromise. His arguments do little to prove the likelihood of success on appeal. Debtor must do more than simply argue issues already litigated and rejected by this court.

The court entered an order approving the compromise after a hearing where it heard testimony and considered evidence. To be successful on appeal, Debtor must challenge this court's factual findings, including its findings that: 1) the compromise is well within the range of reasonableness, 2) the settlement is fair and equitable, 3) the settlement is in the best interest of the estate, and 4) the settlement properly balances the interests of all stakeholders with the likely pitfalls of litigation. *In re Moore*, 608 F.3d 253 (5th Cir. 2010).

Findings of fact of the bankruptcy court are subject to clearly erroneous review by the district court. *In re Jack/Wade Drilling, Inc.*, 258 F.3d 385, 387 (5th Cir. 2001). This standard of review makes Debtor's likelihood of success slim. The record is replete with evidence supporting the findings of this court.

Although Debtor suggested his appeal will present "serious legal questions," he does not argue that the bankruptcy court applied the wrong legal standards in determining whether it should approve the compromise agreement. He simply disagrees with the conclusions reached by the bankruptcy court regarding: (1) the

probability of success in litigating the claims subject to settlement, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of the compromised litigation and any attendant expense, inconvenience, and delay, and (3) all other factors bearing on the wisdom of the compromise. *See, e.g., In re Age Ref. Inc.*, 801 F.3d 530, 540 (5th Cir. 2015).

Debtor has not established a substantial likelihood of success on his appeal.

### *ii. Debtor has not proven he will suffer irreparable harm if the court denies a stay*

Debtor asserts that he will suffer irreparable harm if this court denies the stay. Debtor offers two irreparable harm arguments. First, Debtor contends that, if the stay is not granted, the trustee will argue that the appeal will be moot once the parties fully consummate the settlement. While Debtor disagrees with the trustee's presumed contention, he believes there is a risk that a court may find the consummated settlement renders the appeal moot. This court rejects that argument. The mere *possibility* that an appellate court would find Debtor's appeal equitably moot is insufficient as a matter of law to establish sufficient irreparable injury. A "majority of courts have held that a risk of mootness, standing alone, does not constitute irreparable harm." *In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 682 (Bankr. S.D.N.Y. 2016), *aff'd*, 562 B.R. 211 (S.D.N.Y. 2016)

Second, Debtor argues that if the Louisiana appellate court dismisses the pending appeal, Debtor will need to resume litigation in the discharge and dischargeability adversary proceeding pending before this court (Adversary Case No. 22-1004, *Marioneaux et al. v. Marioneaux*). This court abated the adversary

proceeding pending said appeal. Resumption of litigation, however, is not irreparable injury.

This court finds that Debtor has not established that he will suffer irreparable harm if the stay pending appeal is denied.

### *iii. A stay pending appeal would harm other parties*

Debtor must demonstrate that a stay pending appeal will not substantially harm the other parties. Debtor states he "is unaware of how the Trustee or the stakeholders of the Estate would be substantially harmed by a stay of the Order Approving Compromise pending the Appeal." (Doc. 433, ¶ 15).

In the bankruptcy context, a "significant delay in the administration of an estate, or a delay in the distribution to creditors under a plan generally satisfies the criterion of harm to other parties." *In re Dernick*, 2019 WL 236999 at *4 (Bankr. S.D. Tex. Jan. 16, 2019). The trustee argues that if the court grants the stay, it will cause substantial harm to the bankruptcy estate and its creditors by preventing the consummation of a very favorable settlement. The court agrees with the trustee and finds that a stay would cause a significant delay in the administration of the estate.

Debtor fails to show that the other parties will not be harmed by the stay. Imposing a stay would substantially harm the bankruptcy estate and other settling parties especially considering that the settling parties executed a settlement agreement, the trustee received $500,000 per the settlement agreement, and the estate received the assignment of certain membership interests in a limited liability company which have a material value. Moreover, the settling parties already filed a

motion to dismiss the appeal pending in state court which, if granted, would resolve pending litigation involving the estate. Unwinding a settlement that is already consummated would harm the estate.

### *iv. The public interest is served by denying a stay*

Debtor argues that the public interest strongly favors a stay because it will "substantially reduce the potential risk of the appeal being rendered procedurally or equitably moot and allow the appellate courts to review and adjudicate the merits of the issues to be presented by the Debtor in the Appeal." (Doc. 433, ¶ 16).

The court finds that the public interest is served by denying a stay because the efficient administration of bankruptcy proceedings serves the public interest. *See In re Lots by Murphy, Inc.*, 430 B.R. 431, 436 (Bankr. S.D. Tex. 2010). Debtor waited until after the eleventh hour to file an emergency motion to stay.[1] In the interim, the bankruptcy trustee has taken numerous actions pursuant to the order approving the compromise. Granting a stay at this juncture, after the trustee has taken substantial actions, would result in an inefficient administration of the bankruptcy proceedings contrary to the public interest.

## Conclusion

Debtor fails to establish that he is entitled to a stay pending appeal under the criteria enumerated by the Fifth Circuit. Accordingly, his motion is hereby DENIED.

---

[1] A motion for stay pending appeal "may be made either before or after the notice of appeal is filed." Fed. R. Bankr. P. 8007(a)(2). Thus, Debtor could have filed the stay motion long before the appellate deadline lapsed.

This ruling constitutes findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052 made applicable by Fed. R. Bankr. P. 9014(c). The court will enter a separate order in accordance with this ruling.

###